IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-221-FL

| | | |
|---|---|---|
| MARGARET REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN T. BENJAMIN, JR., JAKE R. GARRIS, CECIL CAPPS, and PHILIP A. GLASS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on motions to dismiss by John T. Benjamin, Jr. ("Benjamin"), Jake R. Garris ("Garris"), and Philip A. Glass ("Glass") (collectively "defendants"),[1] for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 17). Plaintiff has submitted her response in opposition to the motion, and the time for defendant to reply has elapsed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced the present action on May 18, 2018. Plaintiff alleges defendants violated various statutes, including but not limited to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq, in connection with foreclosure proceedings related to

---

[1] The remaining defendant in this action, Cecil Capps, has not entered an appearance. Plaintiff has failed to demonstrate that she properly served process on defendant and the deadline to serve Defendant Capps has expired.

plaintiff's residence.[2]

In furtherance of her bare bones complaint, plaintiff relies on a myriad of exhibits numbering in excess of 1,000 pages, which run the gamut. Included are copies of North Carolina Superior Court orders dismissing foreclosure actions initiated prior to 2018 ("Superior Court Orders") (DE 1-1); handwritten notes appearing to amplify upon her complaint, (DE 1-2 – DE 1-6); various pleadings and correspondence in a judicial foreclosure action initiated by Fannie Mae ("2018 Foreclosure Pleadings") (DE 1-7 – DE 1-12, DE-18); loan documentation including June 7, 2002 Note, Deed of Trust, and subsequent documentation of home ownership ("Loan Documents) (DE 1-13, DE 1-14), notice of hearing on foreclosure and correspondence by Seterus, Inc. ("Seterus") regarding foreclosure and checks sent by plaintiff to Seterus ("Seterus Correspondence") (DE 1-15 – DE 1-17, DE 1-23 – DE 1-28); and correspondence with GreenPoint Mortgage and other lenders together with checks send to GreenPoint Mortgage ("GreenPoint Correspondence") (DE 1-19 – DE 1-22).

Defendants filed the instant motion to dismiss on July 6, 2018. In support thereof, defendants argue that plaintiff failed to properly invoke subject matter jurisdiction in the case, plaintiff failed to state a claim as to the defendants, and plaintiff's claims are barred by res judicata. Defendants seek the court to consider a number of exhibits pertinent to their defense, including

---

[2] Plaintiff has filed several prior lawsuits before this court in connection with her residence, residential loans, and foreclosure proceedings related thereto. Reaves v. Seterus ("Seterus I"), No. 5:15-cv-33-FL, 2015 WL 2401666 (E.D.N.C. May 20, 2015) (dismissed for insufficient service of process); Reaves v. Seterus ("Seterus II"), No. 5:15-cv-387-FL, 2015 WL 6157322 (E.D.N.C. Oct. 9, 2015) (dismissed for failure to state a claim) aff'd 635 F. App'x 138 (4th Cir. 2016); Reaves v. Nation Star Mortgage, Inc., et al, 5:18-cv-53-D (E.D.N.C. Feb. 8, 2018) (complaint filed); Reaves v. Seterus ("Seterus III"), 5:17-cv-156-H (E.D.N.C. Feb. 13, 2018) (dismissed for failure to state a claim on the ground that plaintiff's action is barred by res judicata); Reaves v. American Home Mortgage Servicing, Inc., et al, No. 5:15-cv-180-FL (E.D.N.C. March 15, 2018) (jury verdict in favor of defendants) aff'd No. 18-1419, 2018 WL 3995650 (4th Cir. Aug. 20, 2018); Reaves v. Trustee Services of Carolina, No. 5:15-cv-407-FL, 2018 WL 2370693 (E.D.N.C. May 24, 2018) (dismissed for insufficient service of process and failure to state a claim); Reaves v. Ocwen Loan Servicing, LLC, et al, No. 5:15-cv-186-FL (E.D.N.C. July 16, 2018) (dismissed for insufficient service of process, pending appeal).

documentation of plaintiff's loan, deed of trust, prior court history, as well as a recorded power of attorney appointing Seterus as Federal National Mortgage Association's ("Fannie Mae") attorney in fact.[3]

**STATEMENT OF THE FACTS**

The facts alleged in the complaint[4] can be summarized as follows. In or around 2002, plaintiff purchased a mobile home for approximately $63,000.00. (See Seterus Correspondence (DE 1-16) at 11-12). Plaintiff financed this transaction by granting Conseco Finance a security interest in the home, as mortgagee. (Seterus Correspondence (DE 1-16) at 11-12). Subsequently, plaintiff refinanced the loan with GreenPoint Mortgage, granting it a security interest by deed of trust and extinguishing Conseco Finance's security interest. (Loan Documents (DE 1-13) at 5; Seterus Correspondence (DE 1-16) at 11-12). GreenPoint Mortgage later indorsed the Note in blank and transferred it by physical possession to Fannie Mae. (2018 Foreclosure Pleadings (DE 1-7) ¶ 28; Loan Documents (DE 1-13) at 4; Seterus Correspondence (DE 1-15) at 19).

Seterus Inc. serviced the loan on behalf of Fannie Mae. (Seterus Correspondence (DE 1-23) at 24, (DE 1-28) at 1). In or around 2015, Seterus took steps to foreclose on plaintiff's mortgage on behalf of Fannie Mae in at least two state foreclosure proceedings (individually "First Foreclosure Proceeding" and "Second Foreclosure Proceeding," and collectively, "prior foreclosure proceedings"). E.g., (Superior Court Orders (DE 1-1) at 2-3, 6-7; Seterus Correspondence (DE 1-15) at 14, (DE 1-16) at 2). In the prior foreclosure proceedings, the Wake County Superior Court ultimately concluded that Fannie Mae had failed to establish plaintiff was in default before

---

[3]Defendants argue their exhibits are part of the public record and may be considered by the court. Since the information submitted by defendant is cumulative of plaintiff's pleading and supporting documents, the court does not reach defendant's exhibits in ruling on the motion.

[4]The court draws from the document denominated as plaintiff's complaint, as well as attachments to the complaint filed by Reaves, proceeding pro se.

December 1, 2014 and dismissed the prior foreclosure proceedings with prejudice. (Superior Court Orders (DE 1-1) at 2-3, 6-7). The court went on to say "[t]his Order does not preclude Fannie Mae from seeking future relief should the Debtor default on the debt owed on the instrument in this action." (Superior Court Orders (DE 1-1) at 3).

In or around March 2018, Fannie Mae filed another complaint seeking judicial foreclosure in Wake County Superior Court ("2018 Foreclosure Proceeding"). (2018 Foreclosure Pleadings (DE 1-7) at 1). In the 2018 Foreclosure Proceeding, Fannie Mae alleges that plaintiff was in default for payments owed from December 1, 2014 to the date of the complaint. (2018 Foreclosure Pleadings (DE 1-7) ¶ 44). Defendants Benjamin and Garris are attorneys representing Fannie Mae. (2018 Foreclosure Pleadings (DE 1-7) at 26). Defendant Glass is the proposed commissioner of judicial sale in a currently pending foreclosure proceeding. (2018 Foreclosure Pleadings (DE 1-7) at 4).

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac

R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

The court addresses first plaintiff's claims against defendants with regard to the prior foreclosure proceedings, and then those claims with regard to the 2018 Foreclosure Proceeding.

1.  Prior foreclosure proceedings

Where res judicata bars a suit, the complaint properly is disposed of by a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). See Andrews v. Daw, 201 F.3d 521, 524 (4th

Cir. 2000). To establish the defense of res judicata, defendant must prove: 1) the existence of a final judgment on the merits in an earlier litigation, rendered by a court of competent jurisdiction and in accord with the requirements of due process; 2) identity of parties in the earlier litigation and instant action, or privity between the parties; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015).

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); accord McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009). To be in privity with a party to a former litigation, the non-party must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 651 (4th Cir. 2005). An attorney may be held to be in privity with the client they represent if the attorney's interests are sufficiently aligned with the client's interest. Weinberger v. Tucker, 510 F.3d 486, 493 (4th Cir. 2007). Moreover, a servicer of a loan who prosecutes a lawsuit as an attorney in fact for a noteholder stands in privity with the noteholder. See Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001); Jones v. HSBC Bank USA, N.A., 444 F. App'x 640, 644 (4th Cir. 2011) ("the servicer, lender and substitute trustee share the same right to foreclose on the [subject] mortgage, such that the privity component of claim preclusion is satisfied.") (internal quotations omitted).

Where plaintiff's complaint seeks relief from defendants Benjamin and Garris based upon the prior foreclosure proceedings, plaintiff's complaint is barred by res judicata. First, the judgment on the merits requirement is met. Plaintiff's litigation with Seterus twice resulted in a final judgment on the merits. Seterus II, 2015 WL 6157322; Seterus III, 5:17-cv-00156-H.

Second, the privity requirement is met. Defendants Benjamin and Garris are the privies of Seterus for purposes of res judicata. Seterus was the loan servicer seeking to enforce Fannie Mae's rights in the prior foreclosure proceedings as Fannie Mae's attorney in fact. (Seterus Correspondence (DE 1-15) at 14 (recognizing Seterus in an affidavit as Fannie Mae's attorney in fact)); see Intown Properties Mgmt., 271 F.3d at 170; Jones 44 F. App'x at 644. Plaintiff suggests Defendants Benjamin and Garris are liable for acts conducted by Fannie Mae's attorney in fact in prior foreclosure proceedings because they are attorneys representing Fannie Mae in the 2018 Foreclosure Proceeding. (See 2018 Foreclosure Pleadings (DE 1-7) at 26); Weinberger, 510 F.3d at 493. Even where the court assumes plaintiff could allege facts showing Defendants Benjamin and Garris were involved in prior foreclosure proceedings, Defendants Benjamin and Garris stand in privity with Seterus because all claims by plaintiff pertaining to the prior foreclsoure proceedings stem from the conduct of Fannie Mae as a note holder.

Third, with respect to the prior foreclosure proceedings, the claims raised by the plaintiff are the same. Plaintiff's complaint is nearly identical in the issues that she raises and the theory of recovery that she asserts. Therefore, plaintiff is barred by res judicata from raising claims against Defendants with respect to the prior foreclosure proceedings.

Additionally, plaintiff fails to state a claim against Defendant Glass regarding the prior foreclosure proceedings. Apart from naming Glass in his capacity as substitute trustee in the 2018 Foreclosure Proceeding, plaintiff does not allege any actions taken by Defendant Glass at all with respect to the prior foreclosure proceedings, let alone how those actions would give rise to liability. Since the court is unable to discern from plaintiff's complaint any cognizable acts or omissions by Defendant Glass with respect to the prior foreclosure proceedings, the motion to dismiss must be granted with represent to Defendant Glass for failure to state a claim.

2. 2018 Foreclosure Proceeding

Plaintiff asserts that defendants have harassed her and made false or misleading representations by initiating and participating in the 2018 Foreclosure Proceeding. Plaintiff suggests numerous causes of action sounding in state and federal law, but her federal claim is best characterized as a FDCPA claim.

To establish a FDCPA claim, a plaintiff must prove (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. 15 U.S.C. § 1692k; Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012). "A valid claim under the FDCPA inherently requires the coming together of all the statutory elements at the time of and in connection with the prohibited conduct." Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 140 (4th Cir. 2016), aff'd, 137 S. Ct. 1718 (2017).

Here, plaintiff has adequately alleged that she is the object of collection activity arising from a consumer debt, and that defendants are considered debt collectors as defined by the FDCPA. Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 378–79 (4th Cir. 2006) (holding that for purposes of defining "debt collector", the FDCPA includes attorneys who engage in collection activities). However, plaintiff has failed to allege defendants have engaged in an act or omission prohibited by the FDCPA.

Defendants' initiation of state court proceedings to enforce contractual rights of a creditor is not an act prohibited by the FDCPA. Elyazidi v. SunTrust Bank, 780 F.3d 227, 235 (4th Cir. 2015) (finding that a debt collector's "enforce[ment] [of] their contractual rights in compliance with state court procedure" cannot plausibly be construed as "unfair or unconscionable" conduct); Conteh v. Shamrock Cmty. Ass'n, Inc., 648 F. App'x 377, 380 (4th Cir. 2016) ("[A] debt collector's initiation

of a state court proceeding cannot legally constitute harassment, oppression, or abuse of the debtor); Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 781 (E.D.N.C. 2011) ("[I]nsufficient evidence or documentation claims based on the filing of a state court complaint do not constitute viable claims under section 1692e.").

Plaintiff asserts that defendants have harassed her, made false or misleading representations, and otherwise violated the FDCPA by initiating and participating in the 2018 Foreclosure Proceeding. E.g., (Superior Court Orders (DE 1-1) at 8; DE 20-2 at 21). In support of her position, plaintiff argues that the state court below dismissed Fannie Mae's action with prejudice as to any claim of default before December 1, 2014. (Superior Court Orders (DE 1-1) at 2-3). However, the court also expressly allowed Fannie Mae to bring another action seeking foreclosure for any defaults after that date (Superior Court Orders (DE 1-1) at 2-3). Defendants have assisted Fannie Mae in filing another action and taking steps to foreclose based on another alleged default after that date. (2018 Foreclosure Pleadings (DE 1-7) ¶ 44).

Plaintiff asserts initiation of the 2018 Foreclosure Proceeding by defendants is harassment, as well as a false and misleading representation of the status of her loan, but standing alone the initiation and prosecution of the 2018 Foreclosure Proceeding is not actionable. Elyazidi, 780 F.3d at 235. Plaintiff fails to allege specific misleading statements or misconduct by defendants in this case that could give rise to an FDCPA claim. E.g., Joy v. MERSCORP, Inc., 935 F. Supp. 2d 848, 859 (E.D.N.C. 2013) (holding plaintiff failed to state facts sufficient to show affidavits were falsely filed). Consequently, plaintiff does not allege facts sufficient to state a claim against Defendants Benjamin, Garris, and Glass.

3. State law claims

Pursuant to 28 U.S.C. § 1367(c)(3), this court has discretion to decline to exercise

supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." Accordingly, pursuant to the dismissal of Plaintiffs' only claim arising under federal law in the present case, this court declines to exercise supplemental jurisdiction over any state law claims raised by plaintiff.

**CONCLUSION**

Based on the foregoing, defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, (DE 17), is GRANTED. Plaintiff's claims against defendants are dismissed without prejudice.

With regard to Defendant Capps, proof of service has not been returned by plaintiff, and the deadline to serve Defendant Capps has expired. Plaintiff is directed to show cause by September 25, 2018 as to why service has not been properly made. If plaintiff fails to respond, or no good cause is shown, then plaintiff's claims against Defendant Capps shall be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m), and the clerk directed to close the case.

SO ORDERED, this the 7th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge